UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No.: 18-11159 |
| David L. Frankel | Chapter 7 |
| Debtor(s). | Judge Jessica E. Price Smith |
| | * * * * * * * * * * * * * * * * |
| | **MOTION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST FOR ABANDONMENT OF REAL PROPERTY (FIRST MORTGAGE)** |
| | **5215 Cheltenham Boulevard, Lyndhurst, OH 44124** |

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust (the "Creditor") moves this Court, under § 554 and other sections of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code") and under Rule 6007 and other rules of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for abandonment of property under § 554 of the Bankruptcy Code.  In support of this Motion, the Creditor states:

**MEMORANDUM IN SUPPORT**

1. The Court has jurisdiction over this matter under 28 U.S.C §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

18-030114_FXF

2. On June 11, 2007, David L. Frankel ("Debtor") obtained a loan from Real Estate Mortgage Corp. in the amount of $99,750.00. Such loan was evidenced by a Promissory Note dated June 11, 2007 (the "Note"), a copy of which is attached as Exhibit A.

3. To secure payment of the Note and performance of the other terms contained in it, the Debtor executed a Mortgage in favor of Real Estate Mortgage Corp. dated June 11, 2007 (the "Security Agreement"). The Security Agreement granted a lien on the real property located at 5215 Cheltenham Boulevard, Lyndhurst, OH 44124 owned by the Debtor (the "Collateral"). The Collateral is more fully described in the Security Agreement (check one):

☒ attached as Exhibit B;

OR

☐ contained in the Note, attached as Exhibit A.

4. **The loan was modified as set forth in the Fannie Mae Loan Modification Agreement attached as Exhibit C.**

5. The lien created by the Security Agreement was duly perfected by:

☒ Filing of the Security Agreement in the office of the Cuyahoga County Recorder on June 14, 2007.

☐ Filing of the UCC-1 Financing Statement in the office of _____ _____ on <DATE>.

☐ Notation of the lien on the Certificate of Title.

☐ Other (state with particularity) _____

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B. Based on Debtor's Schedule D, the lien is the first lien on the Collateral.

6. The entity in possession of the original Note as of the date of this motion, is **Creditor**.

18-030114_FXF

7. The entity servicing the loan is Rushmore Loan Management Services, LLC.

8. The Note was transferred, as evidenced by the following:

   a. If the Collateral is real estate:

      i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender (check only one):

         ☒ N/A.

         OR

         ☐ By endorsement on the Note, payable to _____.

         OR

         ☐ By blank endorsement on the Note.

         OR

         ☐ By allonge attached to the Note, payable to _____.

         OR

         ☐ By blank allonge, attached to the Note.

         OR

         ☐ The Note is not endorsed to the **Creditor**, or is not endorsed in blank with an allegation that the **Creditor** is in possession of the original Note. The factual and legal basis upon which the **Creditor** is entitled to bring this motion is (explain with particularity and attach supporting documentation): _____.

         OR

         ☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <__>. Explain why it provides **Creditor** the authority to endorse the Note:

18-030114_FXF

ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located from the:

**(1) Real Estate Mortgage Corp. to The Huntington National Bank as evidenced by the endorsement attached to this Motion as Exhibit A.**

**(2) The Huntington National Bank to Countrywide Bank, FSB as evidenced by the endorsement attached to this Motion as Exhibit A.**

**(3) Countrywide Bank, FSB to Countrywide Home Loans, Inc as evidenced by the endorsement attached to this Motion as Exhibit A.**

**(4) Countrywide Home Loans, Inc to _____ as evidenced by the endorsement attached to this Motion as Exhibit A. Because the endorsement is in blank and Creditor is in possession of the original Note, Creditor is entitled to enforce the instrument.**

iii. A court has already determined that **Creditor** has the ability to enforce the Note and Security Agreement with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached as Exhibit <\_\_>.

iv. Other: _____ [explain].

b. If the Collateral is not real estate (check one):

☒ N/A.

OR

☐ From the original lender to <FIRST TRANSFEREE> by <STATE METHOD OR DOCUMENT EFFECTING TRANSFER>.[ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE CREDITOR.]

9. The Security Agreement was transferred as follows (check one):

☐ N/A.

OR

18-030114_FXF

- [x] From Mortgage Electronic Registration Systems, Inc., as nominee for Real Estate Mortgage Corp. on October 21, 2011 to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P., fka Countrywide Home Loans Servicing, L.P.. The transfer is evidenced by the document attached to this Motion as Exhibit **D**.

  From Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP, By Pretium Mortgage Credit Partners I Loan Acquisition, LP, Its Attorney-In-Fact on August 15, 2018 to Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not Individually But As Trustee For Pretium Mortgage Acquisition Trust. The transfer is evidenced by the document attached to this Motion as Exhibit **E**.

10. The value of the Collateral is $113,100.00. This valuation is based on Cuyahoga County Auditor's tax record.

11. As of **October 2, 2018**, there is currently due and owing on the Note the outstanding principal balance of $96,082.32, plus interest accruing thereon at the rate of 4.625% per annum ($12.06 per day) from November 1, 2017, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

12. The amount due and owing on the Note as set forth in paragraph 11 does not include a credit for the sum held in a contractual suspense account by the **Creditor**. The amount of the credit is $0.00.

13. Other parties **believed** to have an interest in the Collateral besides the debtor(s), the **Creditor**, and the trustee are (check all that apply):

    - [ ] N/A.
    - [x] The Cuyahoga County Treasurer, for real estate taxes, **in an unknown amount.**
    - [ ] <CO-OWNERS, IF APPLICABLE, STATE NAME>.
    - [x] **Huntington Mortgage is believed to be the holder of a 2nd Mortgage**

18-030114_FXF

**in the approximate amount of $29,392.00 as set forth in Debtor's Schedule D.**

14. The **Creditor** is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

    ☐ Debtor has failed to provide adequate protection for the lien held by the **Creditor** for these reasons: <u><EXPLAIN></u>.

    ☐ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

    ☐ Debtor has failed to keep current the real estate taxes owed on the Collateral.

    ☐ Debtor has failed to make periodic payments to **Creditor** for the months of <STATE EACH MONTH AND YEAR>, which unpaid payments are in the aggregate amount of <AMOUNT> through <DATE>. The total provided in this paragraph cannot be relied upon as a reinstatement quotation.

    ☐ Debtor has no equity in the Collateral, because the Collateral is valued at _____, and including the **Creditor**'s lien, there are liens in an aggregate amount of _____ on the Collateral.

    ☒ Other cause (set forth with specificity): **Creditor was granted relief from the automatic stay under 11 U.S.C. § 362(d)(1) and/or 362(d)(2) for these reasons: Discharge entered on June 13, 2018**.

15. **Creditor** has completed the worksheet attached as Exhibit F.

16. **Creditor** is entitled to an order directing the trustee to abandon the Collateral under 11 U.S.C. § 554(b) for these reasons (check all that apply):

    ☒ **The Collateral is burdensome to the estate because the balance on Creditor's first mortgage together with the balance on the second mortgage (or judgment lien) exceeds the value of the Collateral. Based upon the lack of equity in the Collateral, Creditor asserts that the Collateral is burdensome and/or of inconsequential value and benefit to the estate.**

    ☒ The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate.

18-030114_FXF

WHEREFORE, **Creditor** prays for an order from the Court:

(a)     AUTHORIZING AND DIRECTING THE CHAPTER 7 TRUSTEE TO ABANDON THE COLLATERAL UNDER BANKRUPTCY CODE § 554.

                                             Respectfully submitted,

                                             /s/Stephen R. Franks

Stephen R. Franks (0075345)
Edward H. Cahill (0088985)
Adam B. Hall (0088234)
John R. Cummins (0036811)
Karina Velter (94781)
Sarah E. Barngrover (28840-64)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-220-5611
Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Stephen R. Franks.
Contact email is srfranks@manleydeas.com

18-030114_FXF

## CERTIFICATE OF SERVICE

This is to certify that on November 14, 2018, a true and accurate copy of the foregoing Motion of Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust for Abandonment of Real Property Located at 5215 Cheltenham Boulevard, Lyndhurst, OH 44124 on First Mortgage was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Office of U.S. Trustee, Northern District of Ohio, Party of Interest, (Registered address)@usdoj.gov

- Waldemar J. Wojcik, Chapter 7 Trustee, wwojcik@wojciklpa.com

- Adam S. Baker, Attorney for David L. Frankel, abakerlaw@sbcglobal.net

and on the below listed parties by regular U.S. mail, postage prepaid:

- David L. Frankel, 5215 Cheltenham Blvd., Lyndhurst, OH 44124

- David L. Frankel, 5215 Cheltenham Boulevard, Lyndhurst, OH 44124

- Cuyahoga County Treasurer, 1219 Ontario Street, Rm 135, Cleveland, OH 44113

- Huntington Mortgage, PO Box 1558, Dept. EA4W25, Columbus, OH 43216-1558

/s/Stephen R. Franks

18-030114_FXF